UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEWART,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>           Defendants. | Civil No. 13-cv-2460-L(NLS)<br><br>**ORDER:**<br><br>**(1) DENYING *IN FORMA PAUPERIS* MOTION [DOC. 3], AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

      On October 11, 2013, Plaintiff Justin Stewart commenced this action. (Doc. 1.) On the same day, he filed a motion seeking *in forma pauperis* ("IFP") status. (Doc. 3.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

      The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide

1  himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the
2  same even-handed care must be employed to assure that federal funds are not squandered to
3  underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole
4  or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I.
5  1984).

6  District courts, therefore, tend to reject IFP applications where the applicant can pay the
7  filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F.
8  Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares  v. Marshall*, 59
9  F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a
10 partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110
11 per month from family).  Moreover, "*in forma pauperis* status may be acquired and lost during
12 the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D.
13 Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL
14 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to
15 proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900
16 settlement).  In addition, the facts as to the affiant's poverty must be stated "with some
17 particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th
18 Cir. 1981).

19 Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to
20 meet 28 U.S.C. § 1915's requirements for IFP status.  The Court notes that Plaintiff only takes
21 home $160 a week.  (IFP Mot. at ¶ 2 [Doc. 3].)  However, he does not indicate any expenses or
22 debts.  (*Id.* at ¶¶ 8–9.)  Consequently, the Court cannot find that requiring Plaintiff to pay the
23 court filing fees would  impair his ability to obtain the necessities of life. *Adkins*, 335 U.S. at
24 339.
25 //
26 //
27 //
28 //

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 3), and **DISMISSES** the complaint **WITHOUT PREJUDICE**.  Pursuant to this order, Plaintiff is granted 60 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status.  **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: October 16, 2013

M. James Lorenz
United States District Court Judge